IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| ED HENRY LOYDE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 15-2528-JDT-dkv |
| | ) | |
| STATE OF TENNESSEE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL
AND DENYING MOTION FOR SUBPOENA DUCES TECUM

The *pro se* prisoner Plaintiff, Ed Henry Loyde, who is incarcerated at the Hardeman County Correctional Facility in Whiteville, Tennessee, filed a complaint pursuant to 42 U.S.C. § 1983 on August 7, 2015. (ECF No. 1.) The Court subsequently granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to 28 U.S.C. §§ 1915(a)-(b). (ECF No. 6.) The case is currently undergoing screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Plaintiff filed motions for appointment of counsel on August 7, 2015 (ECF No. 2) and on October 9, 2015. (ECF No. 7.) Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, "[t]he appointment of counsel in a civil proceeding is not a constitutional right." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *see also Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("[T]he plaintiffs were not entitled to have counsel appointed because this is a civil lawsuit."); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (no constitutional right to counsel in a civil case); *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993) ("There is no constitutional or . . . statutory right to counsel in federal

civil cases . . . ."). Appointment of counsel is "a privilege that is justified only by exceptional circumstances." *Lavado*, 992 F.2d at 606 (internal quotation marks and citation omitted). "In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved." *Id.* at 606 (internal quotation marks and citations omitted). Appointment of counsel is not appropriate when a *pro se* litigant's claims are frivolous or when his chances of success are extremely slim. *Id.* (citing *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985)); *see also Cleary v. Mukasey*, 307 F. App'x 963, 965 (6th Cir. 2009) (same).

Plaintiff has not satisfied his burden of demonstrating that the Court should exercise its discretion to appoint counsel in this case. Nothing in Plaintiff's motions serves to distinguish this case from the many other cases filed by *pro se* prisoners who are not trained attorneys and who have limited access to legal materials. Therefore, the motions for appointment of counsel are DENIED.

On November 30, 2015, Plaintiff filed a motion asking the Court to issue a subpoena duces tecum to the Tennessee Department of Correction, the Lauderdale County Hospital and the Regional One Medical Center requiring production of his medical records. This motion is DENIED as premature, as the Court has not completed screening and has not determined if any aspects of this case should be allowed to go forward.

IT IS SO ORDERED.

                                                    s/ **James D. Todd**
                                                    JAMES D. TODD
                                                    UNITED STATES DISTRICT JUDGE