IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ED HENRY LOYDE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 15-2528-JDT-cgc |
| ) | |
| STATE OF TENNESSEE, ET AL., ) | |
| ) | |
| Defendants. ) | |

ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER,
GRANTING DEFENDANT WILLIAMS'S MOTION TO DISMISS
AND DIRECTING PLAINTIFF TO SHOW CAUSE WHY
DEFENDANT ROSS ALSO SHOULD NOT BE DISMISSED

The *pro se* prisoner Plaintiff, Ed Henry Loyde, Tennessee Department of Correction ("TDOC") prisoner number 365029, who is confined at the Hardeman County Correctional Facility ("HCCF") in Whiteville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The complaint concerns his previous incarceration at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee. After Plaintiff filed the necessary documentation, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to 28 U.S.C. §§ 1915(a)-(b). (ECF No. 6.) Plaintiff filed a second amended complaint on April 20, 2016. (ECF No. 15.)[1] On July 13, 2016, the Court issued an order that, *inter alia*, partially dismissed the complaint and directed that process

---

[1] The first amended complaint, filed on December 9, 2015 (ECF No. 9-1), made only minor additions to the original complaint.

be issued for two Defendants, Correctional Officer ("C/O") First Name Unknown ("FNU") Ross and Dr. Lynette Williams. (ECF No. 16.)

On August 12, 2016, Plaintiff filed a motion to reconsider the partial dismissal. (ECF No. 18.) The Court construes the motion as a motion for relief from the order under Federal Rule of Civil Procedure 60(b). Under Rule 60(b) "the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons":

 (1) mistake, inadvertence, surprise, or excusable neglect;
 (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
 (3) fraud . . . , misrepresentation, or misconduct by an opposing party;
 (4) the judgment is void;
 (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
 (6) any other reason that justifies relief.

"Relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001). For that reason, "the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Sataym Computer Servs., Ltd. v. Venture Global Eng'g, LLC*, 323 F. App'x 421, 427 (6th Cir. 2009) (quoting *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008)).

Legal errors fall within the definition of "mistake" under Rule 60(b)(1). *See Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000). However, Rule 60(b) is not

intended to allow relief from judgment merely because Plaintiff is unhappy with the outcome. *See Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001).

The Court is unpersuaded that any type of relief from the order of partial dismissal would be appropriate in this case. In Plaintiff's motion, he attempts to "cure" the deficiencies in the complaint that caused the Court to issue a partial dismissal. However, his arguments consist mainly of conclusory legal statements that fail to demonstrate the prior order was erroneous. Therefore, the motion to reconsider is DENIED.

Defendant Lynette Williams was served with process and filed a motion to dismiss for failure to state a claim on September 30, 2016. (ECF Nos. 22 & 23.) Plaintiff has not responded to the motion except to submit another amended complaint which is almost identical to the second amended complaint. (ECF No. 24.)

In evaluating a motion to dismiss for failure to state a claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). While the complaint "does not need detailed factual allegations" the plaintiff must supply "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). In addition, "the tenet that

3

a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. However, the district court may consider orders, matters of public record, and documents referred to in the complaint and attached as exhibits. *See Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 533 (6th Cir. 2014) (citing *Henry v. Chesapeake Appalachia, L.L.C.*, 739 F.3d 909, 912 (6th Cir. 2014)).

In the order of partial dismissal, the Court stated that Plaintiff alleged he was examined by Defendant Lynette Williams at some time after being assaulted by inmate Brandon Moore on August 6, 2014, but that she failed to provide him with adequate medical treatment and care. (ECF No. 16 at 3.) In the original complaint, the only specific allegation against Defendant Williams is that she delayed Plaintiff receiving a needed operation. (ECF No. 1 at 3.) The specific allegations concerning Williams in the amended complaint are as follows:

> Lynette Williams Doctor after the incident occurred Mr. Loyde was seen by Ms. Williams, and requested the needed Professional medical treatment and care to began [sic] the healing process from the serious of bodily injuries incurred from the planned incident . . . . After such acts . . . Ed Henry Loyde suffered serious risks of internal bodily injuries, internal veins and nerve endings injuries in Mr. Loyde's head [brains, eyes, ear and nasal cavity] as injuries and damages lasting throughout the duration of Mr. Ed Henry Loyde life and permanent life threatening [sic] injuries and damages all upon which has resulted in atypical and significant hardships to Mr. Loyde. Lynette Williams Doctor, is charged with failing to provide the professional medical treatment and care requested to began [sic] the healing process of Ed Henry Loyde under Contracting Defendants duties, acts and conduct within Lauderdale County, upon which is the result of the deliberate indifference, willful, malicious or criminal acts or omissions or for acts or omissions done for personal gain performed against inmate Loyde, by the Defendants acts and conduct exposings [sic] Mr. Loyd to risks of serious bodily harm and injuries, and potential health and life threatening injuries and damages and further by

> failing to contact the proper authorities for which necessary records could be preserved for prosecuting the persons committing the offenses, failing to contact the proper authorities to address the proper nature of professional training needed and required to prevent it from occurring again. . . .

(ECF No. 15-1 at 9.) Some of the language in this paragraph is merely "legalese". However, *pro se* complaints must be liberally construed, and Plaintiff appears to allege that Defendant Williams failed to treat him adequately at some unspecified time after the assault, which failure amounted to deliberate indifference.[2]

Defendant Williams contends that Plaintiff's allegations against her fail to sufficiently state a claim under the Eighth Amendment. An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011); *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010). For an Eighth Amendment claim based on a lack of medical care, the objective component requires that a prisoner have a serious medical need. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004); *Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994). "[A] medical need is objectively serious if it is one that has been diagnosed by a physician as mandating treatment *or* one that is so obvious that even a lay person would readily recognize the necessity for a doctor's attention." *Blackmore*, 390 F.3d at 897 (internal

---

[2] The Court does not interpret Plaintiff's allegations concerning failure to contact the proper authorities in order to preserve records for prosecution and in order to address needed training as applying to Defendant Williams. However, to the extent Plaintiff does intend those allegations to apply to Williams, they are too vague and imprecise to state any claim upon which relief may be granted.

quotation marks omitted); *see also Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005). In this case, Plaintiff's allegations adequately plead that he suffered from a serious medical need.³

To establish the subjective component of an Eighth Amendment violation, a prisoner must demonstrate that the official acted with the requisite intent, that is, that he had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. The plaintiff must show that the prison officials acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Farmer*, 511 U.S. at 834; *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. A prison official must both "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837.

Plaintiff's allegation in the second amended complaint that Defendant Williams failed to provide professional medical care and treatment is not accompanied by any factual detail and thus does not sufficiently plead the subjective component of his claim.

Plaintiff alleged in the original complaint that he was sent to Deberry Special Needs Facility ("DSNF") in Nashville for his medical problems, but nothing could be done because the "W.T.S.P. Medical Department has failed to send the imaging disk with my medical

---

³ Defendant Williams asserts in her motion to dismiss that Plaintiff has failed to sufficiently plead that he suffered from a serious medical need. However, Plaintiff alleged in the original complaint that he "had a busted head my eyes were bleeding out of both sockets." (ECF No. 1 at 2.) The amended complaint alleges that when he was taken to the emergency room after the assault, he was diagnosed with a broken eye socket and a cracked sinus canal. These allegations are adequate to plead the objective component of an Eighth Amendment violation for lack of medical treatment.

6

records the last 3 times that I went to Special Needs and the eye-specialist there don't know what to do because she didn't have the imaging disk." (ECF No. 1 at 3.) The allegation regarding Defendant Williams having delayed his operation follows that statement (*id.*); therefore, Plaintiff may be attempting to allege that Williams is the one who failed to send the imaging disk, which resulted in delaying his operation. However, that is not sufficiently clear. Nevertheless, even if Williams was responsible for not sending the imaging disk to the DSNF, that fact alone does not suggest that she acted with deliberate indifference.

Plaintiff has not sufficiently pled the subjective component of an Eighth Amendment violation for inadequate medical care. Therefore, he has failed to state an Eighth Amendment claim against Defendant Williams.

Defendant Williams also contends that Plaintiff's Eighth Amendment claims against her are barred because he has failed to exhaust his administrative remedies. Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *See Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."); *Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit."). However, a prisoner is not required to demonstrate exhaustion in his complaint. *Jones*, 549 U.S. at 216. Failure to exhaust is an affirmative defense on which the defendant has the burden of proof.

7

*Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011); *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 225 (6th Cir. 2011).

Section 1997e(a) requires not merely exhaustion of the available administrative remedies, but *proper exhaustion* of those remedies, meaning that a prisoner must comply with the institution's "critical procedural rules," such as time limits for filing grievances. *Woodford v. Ngo*, 548 U.S. 81 (2006).

> The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules. A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction . . . .

*Id.* at 95. *See also Jones*, 549 U.S. at 218.

In Plaintiff's original complaint, he asserts that he "wrote the grievance board and told them about how I was beaten by my cellmate." (ECF No. 1 at 2.) In the second amended complaint, he alleges that he has exhausted his administrative remedies "regarding these matters as described within this . . . lawsuit" and references an attached grievance form. (ECF No. 15-1 at 3.) However, that document and the pertinent grievance documents attached to the motion to dismiss mainly concern the assault itself. (ECF No. 22-1 at 2-12.) There only indication in those grievance documents that Plaintiff ever mentioned the medical treatment he received following the assault is found in a summary of Plaintiff's testimony at a Grievance Committee hearing held on October 9, 2014. The minutes from that Grievance Committee hearing record that Plaintiff said medical personnel at the DSNF had

8

given him a pair of glasses but had "worked on" the wrong eye. (*Id.* at 12.) Plaintiff also stated during the hearing that "the Med said an operation was needed. But he said WTSP told him they wanted to wait." (*Id.*) However, neither the written grievance itself nor the minutes of the hearing indicate that Plaintiff was complaining that the medical treatment he received from Defendant Williams was inadequate or that WTSP personnel failed to submit any necessary medical information to the DSNF. (*Id.* at 5-6, 12.)

The brief mention of medical issues during the Grievance Committee hearing does not constitute proper exhaustion of Plaintiff's administrative remedies with regard to his Eighth Amendment claim against Defendant Williams. Therefore, the Eighth Amendment claims against her are also subject to dismissal on that basis.

To the extent Plaintiff may be attempting to assert a cause of action against Defendant Williams for medical negligence under Tennessee law, he has failed to comply with the specific requirements of the Tennessee Healthcare Liability Act. The statute requires notice of the potential claim to be provided to all defendant health care providers at least sixty days prior to the filing of the complaint. Tenn. Code Ann. § 29-26-121. In addition, the Tennessee statute requires the filing of a certificate of good faith with the complaint, which must include certain specific averments. *Id.*, § 29-26-122(a). While Plaintiff did attach to the second amended complaint a document titled "Good Faith Notice of Intent to File Potential Complaints/Civil Rights Suits Pursuant to §§ 1981, 1983, 1985(e) and 1986" (ECF No. 15-2), the notice does not comply with § 29-26-121 or § 29-26-122 in any respect.

9

Because Plaintiff has failed to comply with the requirements of the Tennessee Heathcare Liability Act, any state-law claim for medical negligence is also subject to dismissal.

For all of the foregoing reasons, Defendant Williams's motion to dismiss is GRANTED.[4]

The original process issued for Defendant FNU Ross was returned unexecuted by the U.S. Marshal on September 9, 2016, indicating that a first name was needed for service. (ECF No. 20 at 1, 3.) Therefore, on September 13, 2016, the Court directed Plaintiff to provide, within thirty days, additional information to better identify this Defendant. (ECF No. 21.) Subsequently, in the amended complaint filed on September 24, 2016, Plaintiff further identified Defendant Ross as "Darrell Ross a/k/a Darvin Ross." (ECF No. 24 at 4.) Therefore, the Court ordered that process be re-issued for Ross using that information. (ECF No. 26.)

On January 12, 2017, the process issued for Defendant Ross was again returned unexecuted. (ECF No. 28.) The Marshal noted there was "more than one Ross works for WTSP. None by the names of Darrell Ross or Darvin Ross." (*Id.* at 1, 3.) Therefore, Plaintiff is hereby ORDERED to show cause, within thirty (30) days after the date of this order, why the claims against Ross should not also be dismissed, for failure to properly identify this Defendant so that process can be served. If Plaintiff does not respond to this

---

[4] Because the complaint is subject to dismissal on other grounds, the Court finds it unnecessary to address Defendant's assertion that service of process was insufficient.

order in a timely manner, the claims against Ross will be dismissed without prejudice and judgment will be entered.

IT IS SO ORDERED.

                                    s/ **James D. Todd**
                                    JAMES D. TODD
                                    UNITED STATES DISTRICT JUDGE